**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Case No. 1:21-cv-3364

CHARLENE DAUGHTRY,

        **Plaintiff,**

v.

JOYA & JESSANDRA PROPERTY MANAGEMENT LLC, f/d/b/a Historic Hotel Melrose, and
JOY DEPASQUALE, an individual,

        **Defendants.**

---

**COMPLAINT**

---

## INTRODUCTION

1. Plaintiff Charlene Daughtry worked at Defendants' hotel for about two years. During this time, she lived at the hotel and was expected to be on duty essentially all day, every day. Despite her long hours and hard work, Defendants did not pay her the overtime wages that she should have received. In addition, while her rate of pay was stated to be at a rate slightly above the applicable minimum wage rates, the amount she received in pay for the week divided by the quantity of compensable hours she worked yielded an effective rate of pay that was less than at least the state minimum wage and possibly even in the much lower federal minimum wage rate, for most if not all workweeks. Defendants also failed to provide meal and break time, in contravention of state law. When Plaintiff, through counsel, attempted to address these matters by issuance of a Colorado Wage Demand, Defendants refused to respond, much less tender any payment within 14 days thereof.

2. To challenge these and other wage violations, Plaintiff brings this action, by and through

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

her attorneys, against Defendants Joya & Jessandra Property Management LLC and Joya DePasquale, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq*. of the FLSA.

4.  This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5.  Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' hotel, located at 337 Colorado Avenue, Grand Junction, CO 81501.

## PARTIES

**Defendant Joya & Jessandra Property Management LLC**

6.  Defendant **Joya & Jessandra Property Management LLC** (hereinafter "JJPM LLC") is a corporation that at relevant times conducted business within Mesa County. Its principal place of business is registered with the Colorado Secretary of State aa 337 Colorado Avenue, Grand Junction, CO 81501. Its registered agent is listed with the Colorado

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*
Case No. 1:21-cv-3364 (Dist. Colo.)

Complaint
Page 2

Department of State as Joya Marie DePasquale with an address of 123 Meadow Drive, Crested Butte, CO 81224.

7. At relevant times JJPM LLC operated a hotel located at 337 Colorado Avenue, Grand Junction, CO 81501, called Hotel Melrose (or Historic Hotel Melrose).

8. In or around May, 2021, Defendants sold the hotel to Fort 3, LLC.

9. At all relevant times, Defendant JJPM LLC had annual gross revenues in excess of $500,000.

10. At all relevant times, Defendant JJPM LLC was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At relevant times the hotel purchases supplies, equipment, and other necessary items to run its hotel and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Further, Defendant Hotel Melrose advertises its café to the entire world on the internet at https://historicmelrosehotel.com. Defendant Historic Hotel Melrose also accepts payments by credit cards and utilizes the phone and internet lines to accept and transmit payments and room reservation information.

12. At all times material to this action, Defendant JJPM LLC was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Joy Depasquale**

13. Defendant Joy DePasquale, an individual, currently resides at 2557 Swan Lane, Las Vegas, Nevada 89121, in Clark County, upon information and belief.

14. At relevant times Defendant DePasquale had an ownership interest in and/or was a shareholder and/or member of JJPM LLC.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*
Case No. 1:21-cv-3364 (Dist. Colo.)

Complaint
Page 3

15. At all times material to this action, Defendant DePasquale actively participated in the business of JJPM LLC and the hotel operations.

16. At all times material to this action, Defendant DePasquale exercised substantial control over the functions of the hotel's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

17. At all times material to this action, Defendant DePasquale was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Charlene Daughtry**

18. Plaintiff Charlene Daughtry is a resident of Grand Junction, Colorado, which is in Mesa County.

19. Ms. Daughtry worked at the Historic Hotel Melrose from June 16, 2018 to March 31, 2020.

20. Plaintiff's primary supervisor was Defendant DePasquale.

21. Ms. Daughtry performed a variety of tasks for this 28-room hotel, including greeting guests at the front desk, cleaning, and responding to guests' requests.

22. In this position, Plaintiff regularly interacted with customers who are from all across the United States and the world. She handled supplies and materials that originated outside of Colorado. She also utilized Defendants' credit card machine to process payments and answered phone calls.

23. In this role she was expected to be on premises and available to respond to the needs of the hotel almost all the time. As a benefit to the company, the hotel provided Ms. Daughtry a room in which to sleep on premises. Once in a while Defendant DePasquale would come and relieve her for of duty for a little while, but by and large she was "on duty" 24/7.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*
Case No. 1:21-cv-3364 (Dist. Colo.)

Complaint
Page 4

24. Plaintiff would typically begin active work in the morning at around 8:00am, depending on the needs of the guests. It was not unusual for her to continue working until after midnight, and sometimes later (especially if/when guests became rowdy on weekends).

25. Even when she slept, Plaintiff kept a phone nearby and would respond to calls as needed.

26. For at least some of her employment, Plaintiff was expected to record time worked with a handwritten daily log, but this log did not include any of her "on call" time. To the extent these records still exist they are or should be in Defendants' possession.

27. At all times material to this action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

28. While in this position, Plaintiff's pay scheme was initially $12.75 an hour.

29. Approximately six months later, in around December of 2018, Defendants started paying her a flat amount of $630 per week.

30. Then at some point Defendants reduced her pay to a rate of $12.50 per hour.

31. Defendants did not pay Plaintiff overtime pay, i.e. she was not paid at a rate of one and one half times her normal hourly rate for all hours over forty worked in a workweek.

32. Defendants did not affirmatively provide Plaintiff with a bona fide meal break of 30 minutes or more relieved of all duties, nor rest breaks. Indeed, the vast majority of the time, there was no one to relieve her and she had to remain on duty the whole time.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

33. Plaintiff realleges and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*
Case No. 1:21-cv-3364 (Dist. Colo.)

Complaint
Page 5

*Failure To Pay Time Overtime Properly*

34. Defendants failed to compensate Plaintiff at a rate of one- and one-half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure To Pay Minimum Wage*

35. Depending on which hours are deemed to have been compensable, it is likely that Defendants failed to pay Plaintiff even the federal minimum wage for all hours worked, in violation of the FLSA. Dividing the quantify of compensable hours in the week by how much she was paid for the week would yield an effective rate of pay less than the applicable minimum wage most if not all workweeks.

*Record-Keeping Failures*

36. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willfulness & Entitlement to Damages*

37. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage and overtime.

38. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

39. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

40. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*
Case No. 1:21-cv-3364 (Dist. Colo.)

Complaint
Page 6

overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT VIOLATIONS**

41. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

42. Through March 16, 2020, the Defendant JJPM LLC was Plaintiff's "employer" as that term was defined by the applicable Wage Order. 7 C.C.R. 1103-1(2).

43. After March 16, 2020, for the final couple of weeks of her employment, both of the Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

44. Plaintiff was Defendants' "employee" as that term is defined by the Wage Orders / COMPS because she performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

*Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 *et seq.*; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

45. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

46. Specifically, Defendants did not pay her for all of her compensable hours in the workweek. Dividing the quantify of compensable hours in the week by how much she was paid for the week would yield an effective rate of pay less than the applicable minimum wage most if not all workweeks.

*Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*
Case No. 1:21-cv-3364 (Dist. Colo.)

Complaint
Page 7

47. Plaintiff worked more than 40 hours at least some workweeks.

48. Defendants do not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

49. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

50. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to her and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

51. Defendants violated the CWA as implemented by the Wage Orders/COMPS, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

52. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at her regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

53. Plaintiff has been separated from employment with Defendants.

54. Defendants have failed to pay Plaintiff all her wages and compensation earned during Plaintiff's employment.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

55. Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. Wage Order/COMPS 7 C.C.R. 1103-1(7).

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*                    Complaint
Case No. 1:21-cv-3364 (Dist. Colo.)                              Page 8

56. Defendants did not pay Plaintiff for all of her time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. Wage Order/COMPS 7 C.C.R. 1103-1(8).

***Failure to Pay Wages in Response to Wage Demand***
**(Violation of the C.R.S. § 8-6-109)**

57. Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated September 7, 2021.

58. Plaintiff, through counsel, issued an additional copy of this demand, attached to a cover letter dated October 15, 2021

59. Defendant has not tendered any payment in response to this demand.

60. In fact, Defendant made no response of any kind to this demand letter.

61. More than 14 days has elapsed since September 7, 2021.

62. Therefore, Defendant owes plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

***Record-Keeping Failures; Failure to Provide Pay Stubs***
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq.*, Wage Order 7 C.C.R. 1103-1(12))**

63. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a.  name, address, social security number, occupation and date of hire

    b.  date of birth, if the employee is under eighteen (18) years of age

    c.  daily record of all hours worked

    d.  record of allowable credits and declared tips

    e.  regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*
Case No. 1:21-cv-3364 (Dist. Colo.)

Complaint
Page 9

64. Defendants failed to provide an accurate paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order/COMPS 7 C.C.R. 1103-1(12)).

***Damages***

65. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)    Award Plaintiff unpaid and underpaid wages due under the FLSA and the CWCA; and

(B)    Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C)    Award Plaintiff statutory damages as provided for the CWCA; and

(D)    Award Plaintiff interest; and

(E)    Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F)    Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*
Case No. 1:21-cv-3364 (Dist. Colo.)

Complaint
Page 10

Respectfully submitted, this **15th** day of **December**, **2021**.

ANDERSONDODSON, P.C.


*s/ Penn Dodson*

**Penn A. Dodson**
*penn@andersondodson.com*
CO Bar Reg No. 54677
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
NY Bar No. 2738250
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.

Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Daughtry v. Historic Hotel Melrose*
Case No. 1:21-cv-3364 (Dist. Colo.)

Complaint
Page 11